*819 OPINION.
Makquette :
Under section 214(a) of the Revenue Act of 1918, the petitioner is entitled to deduct from gross income for each of the years 1919 and 1920, a “reasonable allowance” for the exhaustion, wear and tear of the oil-lease equipment described in the findings of fact. The petitioner and the respondent are in accord as to the cost of the equipment but they do not agree as to the method by which the amounts for the exhaustion, wear and tear thereof should be computed. The respondent has determined that the equipment has a useful life of ten years and that in each year of such useful life the petitioner should recover an aliquot part of the cost. The petitioner, however, contends that the allowance should be computed on the unit-of-production basis, that is, the allowance in each year should bear the same ratio to the cost of the equipment that the oil produced in that year bears to the total content of the wells at the time the equipment was installed, and that the “reasonable allowance ” provided by the statute should be computed in that way.
We have carefully considered the evidence presented herein and we are of the opinion that the contention of the petitioner is well founded. It is clear that the physical life of the equipment, as nearly as can be ascertained, is ten years, and the producing life of *820 the lease will probably be the same period. The requirement of the statute is that a “ reasonable allowance ” shall be made for the exhaustion, wear and tear of property used in a trade or business and we think that in this case the unit method of computing the allowance will more nearly conform to that requirement. The life of the property to be depreciated and the productive life of the lease are of the same length and by computing depreciation on the unit-of-production basis the value of the equipment will be recovered as and at the same rate its useful value is exhausted.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, wnder Rule 50.